# �add𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## GARRETT v. HUTCHINSON, SHERIFF.

MAY 1st, 1890.

1. SHERIFFS—*Unlawful levy.*—In action against sheriff for his deputy's unlawful levy and seizure of plaintiff's effects under execution against third party: *held,* plaintiff cannot be required to offer in evidence the execution, as it is matter of defense that the levy was made under proper execution.
2. IDEM—*Declarations.*—Declarations of deputy made during the levy are admissible in evidence against principal.

[·· Error to judgment of circuit court of King William county rendered May 2, 1889, in an action of trespass on the case, wherein Nat. Garrett was plaintiff and J. O. Hutchinson, sheriff of said county, was defendant. The verdict and judgment being against him, Garrett brought up the case on error. Opinion states the case.

*Pollard & Sands*, for the plaintiff in error.

*Roger Gregory*, for the defendant in error.

LACY, J., delivered the opinion of the court.

This case is as follows : The action was trespass on the case against the sheriff of King William county, because of an alleged wrongful levy and seizure of the goods of the plaintiff by the said sheriff's deputy under the alleged authority of an

execution against a stranger. The defendant pleaded "not guilty," and upon issues joined thereon the trial proceeded. The evidence offered by the plaintiff was excluded by the court, and judgment was rendered in favor of the defendant, when the plaintiff, who had duly excepted to the rulings of the circuit court, applied for and obtained a writ of error to this court.

The first assignment of error is that after the plaintiff, to maintain the action on his part, had proved that the defendant is the duly elected and qualified sheriff of King William county, and that J. W. Willroy is his dully appointed and qualified deputy, offered to prove that the said deputy came to his house in said county, and informed him that he held in his hands an execution against George B. Terry, when, upon the motion of the defendant, the court excluded all evidence of the alleged unlawful and wrongful levy by the said deputy sheriff, upon the property of the plaintiff, Garrett, of an execution against the said George B. Terry until the execution was introduced in evidence, and the plaintiff excepted. This was plainly erroneous. The execution, real or imaginary, was no part of the plaintiff's case. It was for the defendant, if any he had, to offer evidence tending to show that the levy in question was lawfully made in pursuance to a legally issued execution, issuing from the proper office, etc., to justify and maintain his defense. The plaintiff, however, procured and offered in evidence a paper purporting to be the execution in question, whereupon the defendant objected to the introduction of said paper, and the plaintiff withdrew it, and again attempted to prove the wrongful levy and the wrongful intention of said deputy, who acted with knowledge of the real facts, and who, being informed concerning them, announced his purpose of making the levy, whatever the facts might me, or words to that effect, and did seize the property of the plaintiff, and deprive him of it, under the pretended authority of an execu-

tion against a stranger, when, upon the motion of the defendant, the court excluded from the jury all this evidence, and a verdict was rendered for the defendant. The rulings complained of are plainly erroneous. When the plaintiff had proved that the defendant was the sheriff, and the said Willroy, the party making the alleged levy, was his deputy, and that his property had been levied on without lawful authority, and that he had been damaged, his case was complete. Whether he can do this in this case or not, we cannot know until his evidence has been heard. It was no part of his duty to show any execution, to the sheriff directed, so commanding him, or otherwise. If a legally issued execution, duly in the hands of the sheriff or his deputy, existed, it was a matter of defense for them. There was, moreover, no execution against the plaintiff, and such an execution is not alleged. The execution offered under compulsion by the plaintiff, and objected to by the defendant, was a supposed execution against another person, to-wit, one George B. Terry, and, moreover, appears to be an execution issued by the clerk of King William county court, upon a judgment of the circuit court of Richmond city. There is no principle (1) upon which the plaintiff can be required to make out the defense, if any there be; and (2) upon which the plaintiff can be required to offer in evidence an execution which is no part of his case, and which he holds to be unrelated to his case in any way whatever. *Non constat* the wrongful acts have all been performed, as alleged, under pretense of lawful authority, and no execution of any sort had ever been issued. In such case the levy and seizure, and all other acts under the pretended authority, would have been wrongful, because without lawful authority; and, if the plaintiff had been damaged, yet he could not have been allowed to prove any of this until he had performed an impossibility, to-wit, offered in evidence something which never had any existence at all. See *Mosby's Adm'r* v. *Mosby's Adm'r*, 9 Gratt., 584; *Knowlton* v.

*Bartlett,* 1 Pick., 271; *White* v. *Johnson,* 1 Wash., 159; *James* v. *McCubbin,* 2 Call, 273; *Moore's Adm'r* v. *Dawney,* 3 Hen. & M., 127; *Sangster* v. *Com.,* 17 Gratt., 124.

We are of opinion that the ruilings of the circuit court of King William, complained of and appealed from here, are plainly erroneous; and the said judgment must be reversed and annulled, the verdict set aside, and the case remanded to the circuit court of King William for a new trial to be had therein in accordance with the foregoing opinion of this court.

JUDGMENT REVERSED.